Filed 11/17/22  P. v. Dixon CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>STANLEY DIXON<br><br>   Defendant and Appellant. | 2d Crim. No. B317788<br>(Super. Ct. No. TA153925)<br>(Los Angeles County) |

Stanley Dixon appeals from the judgment entered after a jury convicted him of second-degree burglary (Pen. Code,[1] § 459). The trial court sentenced him to two years in state prison and ordered him to pay $225 in victim restitution pursuant to section 1202.4, subdivision (f).  Appellant contends his conviction must be reversed for insufficient evidence.  He also contends, and the People concede, that the abstract of judgment must be corrected

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

to reflect the court's oral pronouncement that no fines or assessments were to be imposed. We shall order the abstract amended accordingly. Otherwise, we affirm.

## STATEMENT OF FACTS

On the night of December 24, 2020, Gissel Jacobo was in her apartment on San Jose Street when she saw two men (later identified as appellant and codefendant Willie Dean Outland) exit a vehicle that was parked across the street in the alley behind a donut shop. The two men then walked around the building. Appellant was holding a crowbar and was hitting power boxes. Outland subsequently got into the driver's seat of the vehicle, appellant got into the passenger seat, and the vehicle drove down the alleyway with its lights off. A short time later, Jacobo heard a window breaking and saw appellant enter the donut shop. Outland was standing outside their vehicle, which was now parked on the street.

Jacobo called the police, who arrived and detained both appellant and Outland. The donut shop's video surveillance cameras showed appellant breaking the window while wearing gloves and a beanie, entering the shop, and going to the cash register which only contained change due to prior break-ins. The video also showed appellant holding the donut shop owner's iPad and rummaging through the shop's cabinets and employee lockers. Appellant's gloves, beanie, and the crowbar he used to break the window were found inside the shop. In the area where appellant had been inside the shop, the owner found what appeared to be a small container of rock cocaine. During an in-field showup, Jacobo identified appellant the person she saw enter the donut shop and Outland as the person standing outside the vehicle.

2

## DISCUSSION
### *Sufficiency of the Evidence*

Appellant contends the evidence is insufficient to support his burglary conviction.  We disagree.

"'In reviewing [claims of insufficient] evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  [Citation.]  "[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."  [Citation.]  We "'presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.'"'"  (*People v. Osband* (1996) 13 Cal.4th 622, 690.)

"'"'"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment.'"  [Citations.]'"'"  (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11.)  A jury is best able to evaluate inconsistencies in testimony, in order to determine which facts have been shown to be true.  (See *People v. Barnes* (1986) 42 Cal.3d 284, 306.)  A single witness's testimony may be sufficient to support a conviction unless it must be rejected because the events described were impossible or inherently improbable.  (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)  A defendant may not reargue the evidence on appeal, and

3

we do not reassess witness credibility. (*People v. Thompson* (2010) 49 Cal.4th 79, 124-125.)

Section 459 provides in relevant part that "[e]very person who enters . . . any store . . . with [the] intent to commit grand or petit larceny or any felony is guilty of burglary." (§ 459.) "[T]he intent required for . . . burglary is seldom established with direct evidence but instead is usually inferred from all the facts and circumstances surrounding the crime. [Citations.]" (*People v. Lewis* (2001) 25 Cal.4th 610, 643.)

The evidence is plainly sufficient to support the jury's finding that appellant entered the donut shop with the intent to commit a theft. Appellant's arguments to the contrary largely disregard the standard of review, which requires us to view the evidence in the light most favorable to the judgment. Appellant wore gloves and used a crowbar to break into a donut shop late at night. As soon as he entered the shop, he went straight to the cash register. He was also shown in possession of the owner's iPad and rummaging through cabinets and employee lockers. Moreover, drugs were found in the area where appellant had been, which supported an inference that the drugs belonged to him and that he was looking for money to buy more drugs. This evidence overwhelmingly supports the jury's finding that appellant had the intent to commit a theft when he entered the donut shop and that he was thus guilty of burglary. Appellant's claim of insufficient evidence thus fails.

### Correction Of Abstract Of Judgment

Appellant also contends, and the People concede, that the abstract of judgment must be corrected to reflect that no fines or assessments were imposed. At sentencing, the court ordered appellant to pay $225 in victim restitution pursuant to section

4

1202.4, subdivision (f).  Although the court also initially ordered appellant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a stayed $300 parole revocation fine (§ 1202.45), a $30 criminal conviction assessment (Gov. Code, § 70373) and a $40 court operations assessment (§ 1465.8), it subsequently struck those fines and assessments after finding that appellant lacked the ability to pay them.[2]

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls."  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.)  We shall order the judgment corrected accordingly.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is modified by striking the $300 restitution fine (§ 1202.4, subd. (b)), the stayed $300 parole revocation fine (§ 1202.45), the $30 criminal conviction assessment (Gov. Code, § 70373) and the $40 court operations assessment (§ 1465.8).  The superior court shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

---

[2] Contrary to appellant's claim, the court did not purport to strike the $225 in victim restitution that appellant was ordered to pay pursuant to section 1202.4, subdivision (f).  In any event, the court was prohibited from considering whether appellant had the ability to pay victim restitution, which directly compensates the victim for the economic losses he suffered as a result of the crime.  (§ 1202.4, subd. (g); *People v. Evans* (2019) 39 Cal.App.5th 771, 775-778.)

5

NOT TO BE PUBLISHED.


CODY, J.*


We concur:


GILBERT, P.J.


YEGAN, J

.

---

\* Judge of the Ventura Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California constitution.

Shannon K. Cooley, Judge

Superior Court County of Los Angeles

_____

Lenore De Vita, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.